# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIA MABEL MORALES-ALFARO<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.<br><br>Defendants. | Case No.: 20cv82-LAB (BGS)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Rubia Mabel Morales-Alfaro, who is represented by counsel, filed a complaint against the U.S. Department of Homeland Security, various federal officers in their official capacities, and CoreCivic, sued as the Corrections Corporation of America, Inc.

Morales-Alfaro, a Salvadoran national who is currently in the U.S. on immigration bond, brings claims arising from conditions of confinement at the Otay Mesa ICE Detention Center. She was pregnant when she applied for asylum, and suffered a miscarriage while in custody. The complaint identifies diversity as the basis of jurisdiction, alleging that Defendants are citizens of the District of

Columbia, Maryland, and Tennessee and that Morales-Alfaro currently resides in Arkansas.

Morales-Alfaro brings claims against all Defendants based on violations of the U.S. Constitution's Fifth and Fourteenth Amendments (claims one and two), and against CoreCivic based on various theories of negligence under California law (Claims three, four, and five). She seeks compensatory and punitive damages, as well as unspecified injunctive and equitable relief.

The Court is inquired to confirm its own jurisdiction, *sua sponte* if necessary, whenever a doubt arises. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977). As the party invoking the Court's jurisdiction, Morales-Alfaro bears the burden of establishing it. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998). Among other things, she is required to include in her complaint a "short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a).

**Jurisdiction**

**Diversity**

Diversity jurisdiction is impossible here, in part because diversity jurisdiction does not lie against federal agencies, which are not citizens of any state. *See Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974).

**Sovereign Immunity**

Absent a waiver, the United States and its agencies enjoy sovereign immunity from suit. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). The same is true of federal officers sued in their official capacities. *Nurse v. United States*, 226 F.2d 996, 1004 (9th Cir. 2000). Sovereign immunity is jurisdictional, and the government's consent to being sued is a prerequisite for jusidiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Because the complaint does not allege waiver of sovereign immunity for the Department of Homeland Security or any of

the officers — all of whom are sued in their official capacities — the complaint fails to establish subject matter jurisdiction over any claims against them.

Although Morales-Alfaro seeks injunctive relief, she has not pled facts reasonably suggesting she has standing to do so. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). She had already been released on bond when she filed this action, and has not alleged facts she is reasonably likely to be returned to a detention center at all, much less one operated by CoreCivic. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (standing requires showing of "real or immediate threat" of being subject to challenged practices). Nor has she alleged she is reasonably likely to be in need of medical care in such a facility. She has not brought this as a class action, nor is it clear she could do so. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (holding that a prisoner's release from custody generally moots claim for injunctive relief based on prison conditions, unless a class action has been certified); *Lierboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d 1018, 1022–23 (holding that class representatives must have standing to bring all claims by the putative class they purport to represent).

**Other Defects**

The Court might have jurisdiction over claims against CoreCivic, although the complaint fails to articulate a comprehensible theory of liability against it. While the Court is not conducting a screening, Morales-Alfaro should consider these issues if she amends her complaint.

CoreCivic was allegedly acting on behalf of the federal government, not under color of state law. The complaint does not clearly explain whether it CoreCivic being sued as a federal actor or as a private corporation, or under what theory it would be liable. According to the complaint, the claims arise under both the U.S. and California constitutions, under unspecified federal and state law, and under 42 U.S.C. §§ 1981 and 1983.

/ / /

3

20cv82

Morales-Alfaro is not bringing any kind of race-based claim under § 1981. *See Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 536 (9th Cir. 1982) (section 1981 claims limited to prohibition of racial discrimination). Because CoreCivic was a federal contractor operating a federal detention center under the auspices of the U.S. government, it was not acting under state law for purposes of § 1983. Nor can Morales-Alfaro bring claims against it under a *Bivens* theory. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) (holding that *Bivens* action does not lie against private entities acting under color of federal law).

The complaint alleges that when imposing harsh conditions in the detention center and in detaining pregnant women, CoreCivic was carrying out long-standing federal policy. (Complaint, ¶¶ 31–49.) These, of course, are not subject to state regulation, including by state tort law. *See, e.g., Boyle v. United Technologies Corp.*, 487 U.S. 500, 507–12 (1988). The complaint goes on to allege other negligent practices not required by federal policy, or even permitted by federal policy. But the complaint appears to blame federal policies in great part for Morales-Alfaro's injuries, and do not delineate between deprivations caused by adherence to federal policy and negligent deprivations. (*See, e.g.*, Complaint, ¶¶ 89 (blaming CoreCivic for denial of medical care); 94, 98 (blaming federal policy for denial of medical care).)

Finally, the complaint does not correctly identify CoreCivic as a Defendant. *See* Fed. R. Civ. P. 10(a). The caption says Morales-Alfaro is suing the Corrections Corporation of America, Inc., which is CoreCivic's former name. The body of the complaint, however, refers exclusively to CoreCivic.

**Conclusion and Order**

The complaint is **DISMISSED WITHOUT PREJUDICE** for failure to invoke the Court's jurisdiction. Within **21 calendar days of the date this order is entered in the docket**, Morales-Alfaro may file an amended complaint that complies with Fed. R. Civ. P. 8(a). Specifically, she must include a short and plain statement

4

showing that the Court has jurisdiction to entertain her claims, and must plead facts to support jurisdiction. The caption of any amended complaint must correctly identify CoreCivic as a Defendant.

If Morales-Alfaro does not file an amended complaint within the time permitted, this action may be dismissed for failure to prosecute. Failure to remedy defects that have been pointed out to her may be construed as an admission that those defects cannot be corrected.

**IT IS SO ORDERED**.

Dated: January 15, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge