UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIA MABEL MORALES-ALFARO<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.<br><br>Defendants. | Case No.: 20cv82-LAB (BGS)<br><br>**ORDER REQUIRING PLAINTIFF TO PROVIDE EVIDENCE OF EXHAUSTION** |

After the Court dismissed tort claims against U.S. Defendants for failure to exhaust administrative remedies, Plaintiff Rubia Mabel Morales-Alfaro filed a second amended complaint ("SAC") along with a separate response. The SAC identifies certain claims as arising under the Federal Tort Claims Act. Morales-Alfaro says she submitted her administrative claim on January 10, 2020, and now says that claim was denied on January 23. Exhaustion of FTCA claims is jurisdictional, *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992), and the Court is required to confirm its own jurisdiction, *sua sponte* if necessary, whenever any doubt arises. *See Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977). The Court is required to dismiss for lack of subject matter

jurisdiction any FTCA claim that is not administratively exhausted. *Goodman v. United* States, 298 F.3d 1048, 1054–55 (9th Cir. 2002).

An administrative claim is exhausted when the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of its filing. 28 U.S.C. § 2675(a). Here, only thirteen days passed from the date the claim was filed until the date Morales-Alfaro says it was denied.

In carrying out its obligation to confirm its own jurisdiction, the Court may consider extrinsic evidence. *See King v. CitiMortgage, Inc.*, 2010 WL 11688280, at *1 (C.D. Cal., July 21, 2010) (ordering parties to submit evidence of their citizenship so that it could confirm diversity jurisdiction). Morales-Alfaro is therefore **ORDERED** to file a copy of the written final denial of her claim by the agency. She may file it as a notice and attach the denial as an exhibit. If she believes the unredacted denial should not be filed in the docket, she may file an *ex parte* motion to file it under seal, submitting a redacted copy for filing in the docket and an unredacted copy for the Court's review and records. Whichever option she chooses must be completed by **Friday, February 21, 2020**. If she needs more time to comply, she must file an *ex parte* application, showing good cause for the requested extension. Failure to comply within the time permitted may result in dismissal of all FTCA claims.

**IT IS SO ORDERED**.

Dated: February 14, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge