RANDY S. GROSSMAN
Acting United States Attorney
SAMUEL W. BETTWY, SBN 94918
Assistant U. S. Attorney
DAVID B. WALLACE, SBN 172193
Assistant U.S. Attorney
Office of U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
619-546-7125/7669 / 619-546-7751 (fax)

Attorneys for Defendant
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIA MABEL MORALES-ALFARO,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Defendants. | Case No. 20cv0082 LAB DEB<br><br>**UNITED STATES' ANSWER TO FOURTH AMENDED COMPLAINT** |

COMES NOW the United States of America (Defendant), by and through its attorneys, Randy S. Grossman, Acting United States Attorney, Samuel W. Bettwy, Assistant U.S. Attorney, and Dave Wallace, Assistant U.S. Attorney, and hereby files this Answer to Plaintiff's Fourth Amended Complaint (Complaint).

1. *Questions of law*. Answering the allegations contained in the following paragraphs of the Complaint, Defendant affirmatively alleges that said paragraphs contain allegations that present legal conclusions and questions of law to be determined solely by this Court,

to which no answer is required. To the extent that an answer is required, each, all and every allegation contained in said paragraphs is denied:

Paragraph Nos. 28, 30, 31, 34, 35, and 200-202

2. *Jurisdictional allegations*. Answering the allegations contained in the following paragraphs of the Complaint, Defendant affirmatively alleges that said paragraphs contain jurisdictional allegations that present legal conclusions and questions of law to be determined solely by this Court, to which no answer is required. To the extent that an answer is required, each, all and every allegation contained in said paragraphs is denied:

Paragraph Nos. 8 (second independent clause), 22, 23, 24, 26, 27, 32, and 33

3. *Insufficient knowledge*. Answering the allegations contained in the following paragraphs of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies, generally and specifically, each, all and every allegation therein.

Paragraph Nos. 5, 20, 141, 143, and 167-68

4. *Admit*. Answering the allegations contained in the following paragraphs of the Complaint, Defendant admits the substantial truth of the allegations contained therein:

Paragraph Nos. 6, 7, 8 (except for the second independent clause), 9, 11, 12, 13, 14, 15, 16, 25, 142, 144, and 148

5. Answering the allegations contained in paragraph numbers 153, 160, 161, 165, and 166 of the Complaint, Defendant admits the allegations only to the extent that they are corroborated by Plaintiff's IHSC medical records. All other allegations in said paragraphs, which constitute misstatements and argument, are denied.

6. *Deny*. Answering the allegations contained in the following paragraphs of the Complaint, Defendant denies each, all and every allegation therein:

Paragraph Nos. 2 (first sentence), 10, 17, 50, 58, 122, 133, 145-47, and 199

7. *Not directed to Defendant*. Answering the allegations contained in the following paragraphs of the Complaint, Defendant alleges that no answer is required to said

2

allegations inasmuch as there are no charging allegations directed to this answering Defendant. To the extent that an answer is required, each, all and every allegation contained in said paragraphs is denied.

Paragraph Nos. 2, 3, 4, 20, 21, 27, 92-115, 119-32, 139-40, 149-52, 154-59, 162-64, and 173-97

8. *Extraneous statements.* Answering the statements contained in the following paragraphs of the Complaint, Defendant alleges that no answer is required to said statements inasmuch as they are redundant, are immaterial, are impertinent, are quotations of material taken out of context, are argumentative, bear on questions of law or policy, are scandalous, and/or bear no relationship to Plaintiff's claim for relief against Defendant. To the extent that an answer is required, each, all and every allegation contained in said paragraphs is denied.

Paragraph Nos. 1, 3, 18, 19, 35, 36-49, 51, 52-57, 59-91, 116-18, 133-38, and 169-72

9. Answering paragraph 198 of the Complaint, Defendant incorporates each and every response to paragraphs 1 through 197 as if fully responded to herein.

10. *Prayer for relief.* Paragraphs 29 and 203 through 209 of the Complaint constitute Plaintiff's prayer for relief to which no responsive pleading is required. To the extent that an answer is required, each, all and every allegation contained in said paragraphs is denied.

Defendant denies all other allegations of Plaintiff's Complaint not specifically admitted.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's pregnancy was not viable from the very beginning, before she was apprehended by U.S. Border Patrol on December 22, 2017.

2. Plaintiff was informed by a medical doctor at Sharp Chula Vista Hospital that her pregnancy was not a viable pregnancy and that no fetus had ever developed.

3. Plaintiff's loss of the fetus and her miscarriage were not preventable by ICE Health Service Corps (IHSC).

4. The United States and its personnel exercised due care and diligence in accordance with the standard of care with reference to Plaintiff.

5. On December 22, 2017, at approximately 8:45 p.m., Plaintiff breached the U.S.-Mexico international boundary and ran north in an area known as the "Salt Flats," which lies west of the San Ysidro, California Port of Entry. A U.S. Border Patrol agent found her hiding in dense brush, approximately 400 yards north of the international boundary.

6. U.S. Border Patrol transported Plaintiff to the Imperial Beach Station for processing and detention pending her credible fear interview. [*See* ECF No. 50, paras. 6, 9, 142.]

7. Plaintiff never reported to a medical provider or any federal employee that she was kicked in the stomach or abdomen by a Border Patrol Agent or anyone else.

8. During her approximately 50-day detention at the Otay Mesa Detention Center (OMDC), Plaintiff was seen by IHSC medical providers at least twenty-three times.

9. During her detention at the OMDC, Plaintiff was seen at least four times by a medical doctor (M.D.), twelve times by a physician's assistant (P.A.), and ten times by a registered nurse (R.N.).

10. During her detention at the OMDC, Plaintiff was admitted to Sharp Chula Vista Hospital two times, on January 10 and January 15, 2018.

11. Plaintiff reported that she did not receive any prenatal care in her own country.

12. Plaintiff's loss of the fetus was due to pre-existing physical and mental conditions, her own actions and/or inactions, and/or occurrences prior to her apprehension by U.S. Border Patrol and her detention at OMDC. The United States is not liable for pre-existing conditions or previous causative occurrences.

13. Plaintiff, by her actions and known conditions, including but not limited to lack of prenatal care, a recent history of miscarriage, a panic disorder, and the harsh conditions

Case 3:20-cv-00082-TWR-KSC   Document 51   Filed 04/22/21   PageID.567   Page 5 of 6

of long distance travel, including illegal entry into the United States, voluntarily assumed the risk of compromising her fetus, leading to its loss and her miscarriage.

14. Plaintiff's loss of the fetus and her miscarriage were proximately caused by the contributory negligence of Plaintiff, as described above, independent, intervening, and superseding act of God and/or acts and/or omissions of a third person or persons, or were caused jointly by the contributory negligence of Plaintiff and independent, intervening, and superseding acts of God and/or acts or omissions of a third person or persons.

15. Plaintiff's loss of the fetus was not caused by carelessness or negligence on the part of Defendant, its agents, servants or employees, but was caused solely by and through an act of God and/or the carelessness and negligence of Plaintiff and/or a third person or persons.

16. The United States asserts as an affirmative defense the provisions of Proposition 51, Calif. Civ. Code § 1431.2, providing in part that "each defendant shall be liable only for the amount of non-economic damages allocated to the defendant in direct proportion to that defendant's percentage of fault . . ."

17. Plaintiff's recovery of non-economic damages, if any, is limited by federal and state law, including the Medical Injury Compensation Reform Act.

18. This Court has dismissed Plaintiff's claim that the United States is vicariously liable for the alleged actions or inactions of CoreCivic and/or its employees. To the extent that Plaintiff continues to assert her theory of vicarious liability, the United States is immune from liability, and this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 2671 (contractor exception).

19. As Plaintiff acknowledges in her Complaint, only claims under California state law may be brought under the Federal Tort Claims Act.

20. Plaintiff's only stated claim against the United States is for negligence under the Federal Tort Claims Act, supported by her implied allegation that she should have been seen by a doctor sooner and that seeing a doctor sooner could have prevented the loss of

5

USA Answer to Fourth Amended Complaint                              20cv0082 LAB DEB

the fetus. No other claims are set forth in the fifth cause of action, and any other claims against the United States, express or implied, have been dismissed by this Court or are not well-pled.

21. Plaintiff is limited to recovery, if any, of the amount claimed administratively in accordance with 28 U.S.C. § 2675(b).

22. The United States cannot be held strictly liable.

23. The United States is entitled to an offset against damages, if any, in the amount of Medicare and/or Medi-Cal benefits and/or any other benefits, including payments associated with her hospital visits, which have been and will be paid by the United States.

24. The United States of America is the only proper defendant under the Federal Tort Claims Act.

25. All future damages, if any, must be reduced to present value.

26. Income taxes must be deducted from alleged past and future lost earnings, if any.

27. Plaintiff is not entitled to a jury trial on her FTCA claim.

WHEREFORE, The United States prays that Plaintiff take nothing by reason of her suit herein, that judgment be rendered in favor of the United States, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

DATED: April 22, 2021          Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

*s/ Samuel W. Bettwy*
SAMUEL W. BETTWY
Assistant U.S. Attorney

s/ *David B. Wallace*
DAVID B. WALLACE
Assistant United States Attorney

Attorneys for Defendant
United States of America