Daniel P. Struck, Pro Hac Vice
Ashlee B. Hesman, Pro Hac Vice
Dana M. Keene, CA Bar No. 324993
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 W. Ray Road, Suite 300
Chandler, Arizona 85226-2473
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
ahesman@strucklove.com
dkeene@strucklove.com

Matt Mahoney, CA Bar No. 211184
WITHAM MAHONEY & ABBOTT, LLP
401 B Street, Suite 2220
San Diego, CA 92101
Tel.: (619) 407-0505
Fax: (619) 872-0711
mahoney@wmalawfirm.com

*Attorneys for Defendant CoreCivic, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rubia Mabel Morales-Alfaro, <br><br> Plaintiff, <br><br> v. <br><br> United States Department of Homeland Security, et al., <br><br> Defendants. | NO. 3:20-cv-00082-LAB (BGS) <br><br> **CORECIVIC'S ANSWER TO PLAINTIFF'S FORTH AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge: Honorable Larry Alan Burns |

Subject to its Motion to Strike, CoreCivic files its Answer to Plaintiff's Fourth Amended Complaint and admits, denies, and alleges as follows:[1]

---

[1] CoreCivic denies each and every allegation and claim for relief that is not expressly admitted or otherwise pled to.

ANSWER TO 4TH AMENDED COMPLAINT                    1                    3:20-cv-00082-LAB (BGS)

**INTRODUCTION**

1.    The allegations in Paragraph 1 contain legal conclusions which are not directed to CoreCivic and therefore no response is required. To the extent a response is required, CoreCivic denies it.

2.    In answering Paragraph 2, CoreCivic admits only that Plaintiff was detained at Otay Mesa Detention Center from December 24, 2017 to February 12, 2018 after she entered the United States from El Salvador on or about December 22, 2017, seeking asylum and that OMDC is owned and operated by CoreCivic. CoreCivic further admits that it provides detention services at OMDC pursuant to a detention services agreement with Immigration & Customs Enforcement ("ICE"). CoreCivic denies the remaining allegations in Paragraph 2.  CoreCivic affirmatively alleges that it did not provide medical care at OMDC during the time period relevant to Plaintiff's allegations and that it did not interfere, delay, "avoid[]" or prevent Plaintiff from receiving medical care  during her detention.  Further, CoreCivic affirmatively alleges that Plaintiff's conditions of confinement during her detention were constitutional and that it did not breach any duty to her.

3.    The allegations in Paragraph 3 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike and no response is required.  To the extent a response is required, CoreCivic denies it.

4.    In answering Paragraph 4, CoreCivic admits only that Plaintiff alleges negligence claims.  CoreCivic denies it was negligent and denies that Plaintiff is entitled to any damages.

**THE PARTIES**

**I.    The Plaintiff**

5.    In answering Paragraph 5, CoreCivic admits Plaintiff's name is Rubia Mabel Morales-Alfaro.  CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies it.

ANSWER TO 4TH AMENDED COMPLAINT                    2                    3:20-cv-00082-LAB (BGS)

6.      In answering Paragraph 6, CoreCivic admits only that on or about December 22, 2017, Plaintiff entered the United States at the United States-Mexico border south of San Diego, California.  CoreCivic denies Plaintiff was detained at OMDC during the dates alleged in this Paragraph.  CoreCivic affirmatively alleges that Plaintiff was detained at OMDC from December 24, 2017 to February 12, 2018.

7.      In answering Paragraph 7, CoreCivic admits only that Plaintiff was detained at OMDC from December 24, 2017 to February 12, 2018, and that OMDC is owned and operated by CoreCivic and detains ICE detainees pursuant to a detention   services agreement with ICE.   CoreCivic denies the remaining allegations.

8.      In answering Paragraph 8, CoreCivic denies Plaintiff was released from OMDC in March 2018.  CoreCivic affirmatively alleges Plaintiff was released from OMDC on February 12, 2018.  The remaining allegations call for a legal conclusion and therefore no response is required.  To the extent a response is required, CoreCivic denies it.

9.      In answering Paragraph 9, CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies it.

10.    CoreCivic denies Paragraph 10.

**II.     The Defendants**

11.    Paragraph 11 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

12.    Paragraph 12 is not directed to this answering Defendant and therefore no response is required.  To the extent a response is required, CoreCivic denies it.

13.    Paragraph 13 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

14.   Paragraph 14 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

15.   In answering Paragraph 15, CoreCivic admits that at all times relevant to Plaintiff's allegations, medical services at OMDC were provided by ICE Health Services Corps.

16.   Paragraph 16 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

17.   Paragraph 17 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

18.   Paragraph 18 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

19.   Paragraph 19 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

20.   Paragraph 20 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

21.   CoreCivic admits Paragraph 21.

**JURISDICTION AND VENUE**

22.   CoreCivic denies Paragraph 22 as Plaintiff's Fourth Amended Complaint does not contain federal question claims.

23.   Paragraph 23 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

24.   Paragraph 24 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

25.   Paragraph 25 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

26.   Paragraph 26 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

27.   CoreCivic admits Paragraph 27.

28. In answering Paragraph 28, CoreCivic admits only that Plaintiff relies upon California state law in bringing her claims. CoreCivic denies all liability.

29. In answering Paragraph 29, CoreCivic admits only that Plaintiff seeks such damages. CoreCivic denies Plaintiff is entitled to any damages.

30. The allegations for declaratory relief in Paragraph 30, were dismissed by the Court in its March 17, 2021 Order. (Dkt. 49 at 4–5.) Therefore, no response is required. To the extent a response is required, CoreCivic denies it.

31. The allegations for injunctive relief in Paragraph 31 were dismissed by the Court in its March 17, 2021 Order. (Dkt. 49 at 4–5.) Therefore, no response is required. To the extent a response is required, CoreCivic denies it.

32. In answering Paragraph 32, CoreCivic admits only that the Court has personal jurisdiction over it. CoreCivic denies the "underlying acts" alleged.

33. In answering Paragraph 33, CoreCivic admits only that venue is proper. CoreCivic denies the "acts or omissions" contained in Plaintiff's Fourth Amended Complaint.

**STATEMENT OF FACTS**

34. Paragraph 34 calls for a legal conclusion and therefore no response is required. To the extent a response is required, CoreCivic denies it.

35. Paragraph 35 calls for a legal conclusion and therefore no response is required. To the extent a response is required, CoreCivic denies it.

36. Paragraph 36 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

37. Paragraph 37 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

38. Paragraph 38 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

39. Paragraph 39 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

ANSWER TO 4TH AMENDED COMPLAINT                    5                    3:20-cv-00082-LAB (BGS)

40.     Paragraph 40 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

41.     Paragraph 41 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

42.     Paragraph 42 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

43.     Paragraph 43 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

44.     Paragraph 44 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

45.     Paragraph 45 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

46.     Paragraph 46 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

47.     Paragraph 47 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

48.     Paragraph 48 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the

ANSWER TO 4TH AMENDED COMPLAINT                6                3:20-cv-00082-LAB (BGS)

claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.) It therefore moves to strike.

49. Paragraph 49 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.) It therefore moves to strike.

50. Paragraph 50 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

51. Paragraph 51 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.) It therefore moves to strike.

52. Paragraph 52 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.) It therefore moves to strike.

53. Paragraph 53 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.) It therefore moves to strike.

54. Paragraph 54 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it, and affirmatively alleges that it complied with ICE's Performance-Based National

ANSWER TO 4TH AMENDED COMPLAINT                7                3:20-cv-00082-LAB (BGS)

Detention Standards ("PBNDS") at all times relevant to Plaintiff's Fourth Amended Complaint.

55.    Paragraph 55 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

56.    Paragraph 56 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

57.    Paragraph 57 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

58.    Paragraph 58 is not directed to this answering Defendant and therefore no response is required.  To the extent a response is required, CoreCivic denies that the ICE restraint and/or transport protocols referred to in Paragraph 58 were applicable to Plaintiff.

59.    Paragraph 59 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

60.    Paragraph 60 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

61.    Paragraph 61 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

ANSWER TO 4TH AMENDED
COMPLAINT

8

3:20-cv-00082-LAB (BGS)

62. Paragraph 62 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.) It therefore moves to strike.

63. The allegations in Paragraph 63 are immaterial and impertinent to the claims against CoreCivic and Defendant moves to strike. A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies it.

64. The allegations in Paragraph 64 are immaterial and impertinent to the claims against CoreCivic and it moves to strike. A response is not required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.) It therefore moves to strike.

65. Paragraph 65 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

66. Paragraph 66 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

67. Paragraph 67 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

68. Paragraph 68 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

69. Paragraph 69 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

70. Paragraph 70 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

ANSWER TO 4TH AMENDED COMPLAINT                    9                    3:20-cv-00082-LAB (BGS)

71. Paragraph 71 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

72. Paragraph 72 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

73. Paragraph 73 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

74. Paragraph 74 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

75. Paragraph 75 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.) It therefore moves to strike.

76. Paragraph 76 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.) It therefore moves to strike.

77. Paragraph 77 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

78. Paragraph 78 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

79. Paragraph 79 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

80. Paragraph 80 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

81. Paragraph 81 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

ANSWER TO 4TH AMENDED COMPLAINT     10     3:20-cv-00082-LAB (BGS)

82.   Paragraph 82 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

83.   Paragraph 83 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

84.   Paragraph 84 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

85.   Paragraph 85 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

86.   Paragraph 86 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

87.   Paragraph 87 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

88.   CoreCivic denies Paragraph 88.  The allegations in this paragraph are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

89.   Paragraph 89 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations in this paragraph are immaterial and impertinent to the

ANSWER TO 4TH AMENDED COMPLAINT             11             3:20-cv-00082-LAB (BGS)

claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in this complaint. (Dkt. 49.)  It therefore moves to strike.

90.    Paragraph 90 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

91.    Paragraph 91 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

92.    The allegations in Paragraph 92 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic admits only that it operates correctional facilities and  detention centers (including immigration) across the United States.  CoreCivic denies it operates "hundreds" of such facilities.

93.    The allegations in Paragraph 93 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

94.    The allegations in Paragraph 94 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic admits only that its CEO is Damon Hininger, who started his career as a corrections officer at Leavenworth Detention Center in Kansas in 1992 and that he became CEO of CoreCivic in 2009.  CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies it.

95.    The allegations in Paragraph 95 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these

ANSWER TO 4TH AMENDED COMPLAINT                    12                    3:20-cv-00082-LAB (BGS)

allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic admits same.

96.    The allegations in Paragraph 96 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

97.    The allegations in Paragraph 97 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required.  To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

98.    The allegations in Paragraph 98 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

99.    The allegations in Paragraph 99 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

100.   The allegations in Paragraph 100 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these

allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

101. The allegations in Paragraph 101 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies it.

102. The allegations in Paragraph 102 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies it.

103. The allegations in Paragraph 103 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies it.

104. The allegations in Paragraph 104 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies it.

105. The allegations in Paragraph 105 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

106. The allegations in Paragraph 106 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these

ANSWER TO 4TH AMENDED COMPLAINT 14 3:20-cv-00082-LAB (BGS)

allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic denies it.

107.   The allegations in Paragraph 107 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required.

108.   The allegations in Paragraph 108 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required.

109.   The allegations in Paragraph 109 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic denies it.

110.   The allegations in Paragraph 110 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic denies it.

111.   The allegations in Paragraph 111 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

112.   The allegations in Paragraph 112 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic denies it.

ANSWER TO 4TH AMENDED COMPLAINT                    15                    3:20-cv-00082-LAB (BGS)

113.  The allegations in Paragraph 113 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic denies it.

114.  The allegations in Paragraph 114 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required.  To the extent a response is required, CoreCivic denies it.

115.  The allegations in Paragraph 115 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

116.  The allegations in Paragraph 116 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.)  It therefore moves to strike.  A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

117.  In answering Paragraph 117, CoreCivic admits only that OMDC is a secure detention center.

118.  In answering Paragraph 118, CoreCivic admits only that OMDC controls movement of detainees for legitimate safety and security objectives.

119.  CoreCivic denies in Paragraph 119.

120.  In answering Paragraph 120, CoreCivic admits only that, for safety and security purposes, Plaintiff (and all other OMDC detainees) was required to

ANSWER TO 4TH AMENDED COMPLAINT                16                3:20-cv-00082-LAB (BGS)

wear a detainee uniform during her detention. CoreCivic denies the remaining allegations in this Paragraph.

121. CoreCivic denies Paragraph 121. CoreCivic affirmatively asserts that it does not place pregnant detainees in restraints during transportation.

122. CoreCivic denies Paragraph 122.

123. In answering Paragraph 123, CoreCivic admits that correctional officers are not medical providers. CoreCivic denies the remaining allegations in Paragraph 123.

124. CoreCivic denies Paragraph 124.

125. The allegations in Paragraph 125 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies the characterization, context, and conclusion allegedly offered by an unidentified individual and denies that staffing hinders CoreCivic detention officers' ability to refer detainees to the medical unit for medical care.

126. CoreCivic denies Paragraph 126.

127. CoreCivic denies Paragraph 127.

128. CoreCivic denies Paragraph 128.

129. CoreCivic denies Paragraph 129.

130. The allegations in Paragraph 130 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies it.

131. The allegations in Paragraph 131 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies it.

ANSWER TO 4TH AMENDED COMPLAINT                17                3:20-cv-00082-LAB (BGS)

132. The allegations in Paragraph 132 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies it.

133. The allegations in Paragraph 133 are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it. Further, the allegations are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike.

134. The allegations in Paragraph 134 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

135. The allegations in Paragraph 135 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

136. The allegations in Paragraph 136 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

137. The allegations in Paragraph 137 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

138. The allegations in Paragraph 138 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

139. The allegations in Paragraph 139 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic admits only that the California Department of Justice reviewed ICE detention facilities in California to include OMDC.

140. The allegations in Paragraph 140 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies the criticism contained in this Paragraph.

141. In answering Paragraph 141, CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies it.

142. CoreCivic denies Paragraph 142. CoreCivic affirmatively alleges Plaintiff entered the United States seeking asylum on or about December 22, 2017.

ANSWER TO 4TH AMENDED COMPLAINT                    19                    3:20-cv-00082-LAB (BGS)

143. Paragraph 143 is not directed to this answering Defendant and therefore no response is required. To the extent a response is required, CoreCivic denies it.

144. In answering Paragraph 144, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

145. In answering Paragraph 145, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

146. In answering Paragraph 146, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

147. In answering Paragraph 147, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

148. In answering Paragraph 148, CoreCivic admits only that Plaintiff arrived at OMDC on December 24, 2017. CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies it.

149. CoreCivic denies Paragraph 149.

150. CoreCivic denies Paragraph 150.

151. CoreCivic denies Paragraph 151.

152. CoreCivic denies Paragraph 152.

153. In answering Paragraph 153, CoreCivic admits that Plaintiff raised concerns about her pregnancy to ICE Health Services Corps. CoreCivic affirmatively asserts that it did not provide medical care at OMDC during the relevant time period.

154. CoreCivic denies Paragraph 153(a).

ANSWER TO 4TH AMENDED COMPLAINT                    20                    3:20-cv-00082-LAB (BGS)

155. CoreCivic admits Paragraph 153(b).

156. CoreCivic denies Paragraph 153(c). CoreCivic affirmatively asserts Plaintiff received a chest x-ray on December 26, 2017.

157. In answering Paragraph 153(d), CoreCivic admits only that Plaintiff presented to medical reporting abdominal pain, and that the medical record refers to her miscarriage history and that Plaintiff speaks English fluently insofar as medical records state the same. CoreCivic denies the medical record reflects Plaintiff reported "severe" abdominal pain, that was sent back to her housing unit, that she has a history of trauma, or that she sustained a kick to the abdomen. CoreCivic is without sufficient information to form a belief as to whether Plaintiff speaks English fluently.

158. CoreCivic admits Paragraph 153(e) insofar as medical records state the same.

159. In answering Paragraph 153(f), CoreCivic admits only that Plaintiff presented to medical with vaginal bleeding and was transported to a hospital emergency room in San Diego insofar as medical records state the same. CoreCivic is without sufficient information to form a belief as to when Plaintiff miscarried.

160. CoreCivic denies Paragraph 153(g).

161. CoreCivic denies Paragraph 153(h). CoreCivic affirmatively asserts Plaintiff presented to medical four times during the relevant time period.

162. The allegations in Paragraph 153(i) are not directed to this answering Defendant and therefore no response is required, and none is given. To an extent a response is required, CoreCivic denies it.

163. The allegations in Paragraph 153(j) are not directed to this answering Defendant and therefore no response is required, and none is given. To an extent a response is required, CoreCivic denies it.

164. The allegations in Paragraph 153(k) are not directed to this answering Defendant and therefore no response is required, and none is given. To an extent a

ANSWER TO 4TH AMENDED COMPLAINT          21          3:20-cv-00082-LAB (BGS)

response is required, CoreCivic denies it. CoreCivic affirmatively asserts that it does not provide medical care at OMDC and thus did not fail to provide Plaintiff with medical care.

165. CoreCivic denies Paragraph 154. CoreCivic affirmatively asserts that it does not provide medical care at OMDC and thus did not fail to provide Plaintiff with medical care. CoreCivic denies that detention officers ignored Plaintiff or denied her access to medical care.

166. In answering Paragraph 155, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

167. In answering Paragraph 156, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

168. In answering Paragraph 157, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

169. In answering Paragraph 158, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

170. In answering Paragraph 159, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

171. The allegations in Paragraph 160 are not directed to this answering Defendant and therefore no response is required, and none is given.

172. The allegations in Paragraph 161 are not directed to this answering Defendant and therefore no response is required, and none is given.

173. CoreCivic denies Paragraph 162. CoreCivic affirmatively asserts that sanitary supplies are available to detainees at no cost.

ANSWER TO 4TH AMENDED COMPLAINT                    22                    3:20-cv-00082-LAB (BGS)

174.   CoreCivic denies Paragraph 163.   CoreCivic affirmatively asserts that sanitary supplies are available to detainees at no cost.

175.   CoreCivic denies Paragraph 164.

176.   In answering Paragraph 165, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

177.   CoreCivic denies Paragraph 166. CoreCivic affirmatively asserts Plaintiff was transported to a hospital on January 10, 2018.

178.   In answering Paragraph 167, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

179.   CoreCivic denies Paragraph 168.  CoreCivic affirmatively asserts that it does not place pregnant detainees in restraints during transport.

180.   In answering Paragraph 169, CoreCivic admits only that the American College of Obstetrics and Gynecology has published nutritional guidelines for pregnant woman.

181.   In answering Paragraph 170, CoreCivic is without sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies it.

182.   CoreCivic denies Paragraph 171.

183.   CoreCivic denies Paragraph 172.

**PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS**
**COUNT ONE**
**NEGLIGENCE**
**(Defendant CoreCivic)**

184.   In answering Paragraph 173, CoreCivic re-asserts its answers to the foregoing paragraphs as if set forth fully herein.

185.   Defendant denies Paragraph 174.

ANSWER TO 4TH AMENDED COMPLAINT                    23                    3:20-cv-00082-LAB (BGS)

186. Defendant denies Paragraph 175.

187. Defendant denies Paragraph 176.

188. Defendant denies Paragraph 177.

189. Defendant denies Paragraph 178.

190. Defendant denies Paragraph 179.

191. Defendant denies Paragraph 180.

192. The allegations in Paragraph 181 are immaterial and impertinent to the claims against CoreCivic, and the Court cautioned Plaintiff not to include these allegations in the complaint. (Dkt. 49.) It therefore moves to strike. A response is not required. To the extent a response is required, CoreCivic denies it.

193. CoreCivic denies Paragraph 182.

194. In answering Paragraph 183, CoreCivic admits only that Plaintiff seeks compensatory and punitive damages. CoreCivic affirmatively asserts that Plaintiff is not entitled to any relief.

## COUNT TWO
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Defendant CoreCivic)

195. In answering Paragraph 184, CoreCivic re-asserts its answers to the foregoing paragraphs as if set forth fully herein.

196. CoreCivic denies Paragraph 185.

197. CoreCivic denies the Paragraph 186.

198. CoreCivic denies Paragraph 187.

199. CoreCivic denies Paragraph 188.

## COUNT THREE
## NEGLIGENT SUPERVISION AND TRAINING OF EMPLOYEES
### (Defendant CoreCivic)

200. In answering Paragraph 189, CoreCivic re-asserts its answers to the foregoing paragraphs as if set forth fully herein.

201. CoreCivic denies Paragraph 190.

ANSWER TO 4TH AMENDED COMPLAINT                     24                     3:20-cv-00082-LAB (BGS)

202. CoreCivic denies Paragraph 191.

203. CoreCivic denies Paragraph 192.

204. CoreCivic denies Paragraph 193.

205. In answering Paragraph 194, CoreCivic denies Paragraph 194.

206. CoreCivic admits only that Plaintiff seeks compensatory and punitive damages. CoreCivic affirmatively asserts that Plaintiff is not entitled to any relief.

**COUNT FOUR**
***RESPONDEAT SUPERIOR* LIABILITY**
**(Defendant CoreCivic)**

207. In answering Paragraph 195, CoreCivic re-asserts its answers to the foregoing paragraphs as if set forth fully herein.

208. CoreCivic denies Paragraph 196.

209. In answering Paragraph 197, CoreCivic admits only that Plaintiff seeks compensatory and punitive damages. CoreCivic affirmatively asserts that Plaintiff is not entitled to any relief.

**COUNT FIVE**
**MEDICAL NEGLIGENCE**
**(Defendant United States)**

Count Five is directed to an entity other than CoreCivic and therefore no answer is required. To the extent an answer is required, CoreCivic denies it.

**PLAINTIFF'S DAMAGES AND PRAYER FOR RELIEF**

In answering Plaintiff's Request for Relief, Defendant denies Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

1. Defendant states the following defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff.

2. As a separate defense and in the alternative, CoreCivic alleges it did not breach any duty to Plaintiff.

3. As a separate defense and in the alternative, CoreCivic alleges it was not the actual or proximate cause of Plaintiff's alleged injuries.

4.      As a separate defense and in the alternative, CoreCivic alleges that neither its operations nor any conduct of any of its employees caused Plaintiff to miscarry.

5.      As a separate defense and in the alternative, CoreCivic alleges that its operation of OMDC complies with the applicable standard of care.

6.      As a separate defense and in the alternative, CoreCivic alleges that any acts or omissions by it was not a substantial factor in causing Plaintiff's alleged injuries.

7.      As a separate defense and in the alternative, CoreCivic alleges that Plaintiff's alleged injuries, if any, were proximately caused by an independent intervening/superseding cause for which CoreCivic is not liable.

8.      As a separate defense and in the alternative, CoreCivic alleges that Plaintiff's injuries, if any, were caused by a third party over whom CoreCivic had no control.

9.      As a separate defense and in the alternative, CoreCivic alleges Plaintiff's allegations are based on mere conjecture, guess, or speculation.

10.      As a separate defense and in the alternative, CoreCivic alleges that it did not knowingly hire, retain, supervise, train, direct, control, or retain any employee which in turn caused injury to Plaintiff.

11.      As a separate defense and in the alternative, CoreCivic alleges that it acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

12.      As a separate defense and in the alternative, CoreCivic alleges that Plaintiff was comparatively negligent, such that any recovery by Plaintiff against CoreCivic is reduced by her percentage of fault and/or eliminated.

13.      As a separate defense and in the alternative, CoreCivic alleges that Plaintiff's claims are barred because CoreCivic cannot be held liable for the acts of others not employed by CoreCivic under a theory of *respondeat superior*.

ANSWER TO 4TH AMENDED COMPLAINT                    26                    3:20-cv-00082-LAB (BGS)

14.     As a separate defense and in the alternative, CoreCivic alleges that Plaintiff's injuries, losses, and damages, if any, were the result of the negligence or intentional act of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by CoreCivic.

15.     As a separate defense and in the alternative, CoreCivic alleges that there exists no conduct in this case motivated by an evil motive or intent, nor did any conduct oppression, fraud, or malice to the rights of Plaintiff, thereby precluding punitive damages.

16.     As a separate defense and in the alternative, CoreCivic alleges that the injuries alleged were caused or contributed to by the voluntary and/or intentional acts of Plaintiff, thereby reducing or eliminating any damages recoverable by Plaintiff.

17.     As a separate defense and in the alternative, CoreCivic alleges that Plaintiff's claimed injuries are the result of a pre-existing condition(s), thereby eliminating any damages owed by Defendants.

18.     As a separate defense and in the alternative, CoreCivic alleges that the actions or inactions alleged on the part of Defendant were not the proximate cause of any injuries, losses or damages to Plaintiff; thereby barring recovery herein or reducing Plaintiff's recovery in proportion to the fault assessed against the third parties.

19.     As a separate defense and in the alternative, CoreCivic alleges that Plaintiff failed to mitigate damages, thereby reducing or eliminating any damages owed by Defendants.

20.     As a separate defense and in the alternative, CoreCivic alleges that Plaintiff's recovery of damages may be limited by applicable federal or state law, including but not limited to the Medical Injury Compensation Reform Act.

21.     CoreCivic puts Plaintiff on notice that any further affirmative defenses may be added in an amended answer for discovery. These defenses may include

ANSWER TO 4TH AMENDED COMPLAINT                    27                    3:20-cv-00082-LAB (BGS)

any defense set forth in Rule 8(d) and/or Rule 12(b), of the Federal Rules of Civil Procedure, or as otherwise allowed by law.

22.   CoreCivic reserves the right to amend its Answer to Plaintiff's Fourth Amended Complaint to assert additional defenses or withdraw defenses and to add counterclaims as may become necessary after reasonable opportunity or discovery has occurred up through and including trial in this matter.

WHEREFORE, having fully answered Plaintiff's Fourth Amended Complaint, Defendant requests that Plaintiff take nothing.

## DEMAND FOR JURY TRIAL

Defendant respectfully request a jury trial as to all triable issues.

Dated:  April 22, 2021          By s/ Ashlee B. Hesman
                                          Daniel P. Struck
                                          Ashlee B. Hesman
                                          Dana M. Keene
                                          STRUCK LOVE BOJANOWSKI & ACEDO, PLC
                                          dstruck@strucklove.com
                                          ahesman@strucklove.com
                                          dkeene@strucklove.com

                                          Matt Mahoney, Esq., CA Bar # 211184
                                          WITHAM MAHONEY & ABBOTT, LLP
                                          mahoney@wmalawfirm.com

                                          Attorneys for Defendant CoreCivic, Inc.

ANSWER TO 4TH AMENDED
COMPLAINT                              28                    3:20-cv-00082-LAB (BGS)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 22, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated:  April 22, 2021

By s/ Ashlee B. Hesman