UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIA MABEL MORALES-ALFARO<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No.: 3:20-cv-00082-LAB (BGS)<br><br>**ORDER DENYING DEFENDANT CORECIVIC, INC.'S MOTION TO STRIKE ALLEGATIONS IN PLAINTIFF'S FOURTH AMENDED COMPLAINT [Dkt. 52]** |

Defendant CoreCivic, Inc. ("CoreCivic") has moved to strike allegations in Plaintiff's Fourth Amended Complaint ("Motion"). (Dkt. 52). Under Rule 12(f) of the Federal Rules of Civil Procedure, CoreCivic asks the Court to strike Paragraphs 3, 45–49, 51–53, 59–64, 75, 76, 84–89, 92–116, 125, 130–40, and 181, arguing that the paragraphs are "rife with irrelevant, impertinent, and scandalous allegations that have no bearing on [Morales-Alfaro's] claims and serve only to smear and defame CoreCivic." (*Id*. at 1). Plaintiff Rubia Mabel Morales-Alfaro opposes the Motion, (Dkt. 58), and the Court has also reviewed CoreCivic's reply to the opposition, (Dkt. 60). The Court **DENIES** CoreCivic's request.

## I. BACKGROUND

On January 10, 2020, Morales-Alfaro, an asylum seeker from El Salvador, filed her initial Complaint, (Dkt. 1), which the Court screened and dismissed for failure to invoke the Court's jurisdiction, (Dkt. 3). Following subsequent amendments, she filed her Third Amended Complaint. (Dkt. 33). Defendants CoreCivic and U.S. Department of Homeland Security ("DHS") (collectively, "Defendants") filed motions to dismiss the Third Amended Complaint under Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. 38, 39). Alternatively, CoreCivic asked the Court to strike certain allegations under Fed. R. Civ. P. 12(f). (Dkt. 38 at 1). The Court dismissed Morales-Alfaro's Federal Tort Claims Act ("FCTA") claims, denied as moot all claims for injunctive and declaratory relief, and denied the motion to dismiss as to the tort claims and requests to strike certain allegations in the complaint. (Dkt. 49). The Court granted Morales-Alfaro leave to file a fourth amended complaint, omitting all claims denied as moot and all tort claims. (*Id*. at 14). The Court also instructed her to correct any pleading defects and unnecessary or inapposite allegations identified in the Order. (*Id.*).

On April 8, 2021, Morales-Alfaro filed her Fourth Amended Complaint against Defendants. (Dkt. 40). CoreCivic again moved to strike allegations in Plaintiff's newest complaint.

## I. LEGAL STANDARD

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule "12(f) motions are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Kohler v. Island Rests., LP,* 280 F.R.D. 560, 563–64 (S.D. Cal. 2012) (quoting *Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003)). "Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the

subject matter of the litigation." *Id.* (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). Additionally, background or historical allegations should not be stricken unless prejudicial, and allegations "contribut[ing] to a full understanding of the complaint as a whole need not be stricken." *In re Facebook PPC Advertising Litigation,* 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010).

"Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Id.* (citing *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965-66 (C.D. Cal. 2000)). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).

## II. DISCUSSION

CoreCivic argues that Paragraphs 3, 45–49, 51–53, 59–64, 84–89, 130–40, and 181 contain allegations that are unrelated to the case at hand, such as positions taken by the U.S. Government and U.S. Immigration and Customs Enforcement ("ICE") with respect to detention practices and ICE's alleged flaws in the inspection and monitoring protocols at detention centers. (*Id*. at 3). Some allegations also pertain to another detainee, "Teresa," who allegedly experienced similar conditions of confinement as Morales-Alfaro. (*Id*.). CoreCivic argues that these allegations are "irrelevant, impertinent, scandalous, and inflammatory," and nothing more than an attempt to "politicize this case and detract from Plaintiff's actual claims." (*Id.*).

"Impertinent" matter refers to statements that don't pertain, and aren't necessary, to the issues in question. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds,* 510 U.S. 517, 534–35 (1994). "Scandalous" allegations are "allegations that cast a cruelly derogatory light on a party or other person." *U.S. ex rel. Ruhe v. Masimo Corp.,* 929 F. Supp. 2d 1033, 1038–39 (C.D.

Cal. 2012). Morales-Alfaro argues that her allegations are not irrelevant, impertinent, scandalous, or inflammatory, but rather shed light on CoreCivic's knowledge, intent, motive, and control over detainees' access to healthcare at its facility. (Dkt. 58 at 4–5). She maintains these allegations directly relate to the issue of punitive damages. (*Id.*).

This Court previously ruled that allegations pertaining to how other detainees were treated during their confinement and suggesting deliberate oppression are pertinent to Morales-Alfaro's request for punitive damages. (Dkt. 49 at 13). That remains true. Moreover, unless they are prejudicial, allegations containing background or historical information which "contribute to a full understanding of the complaint" need not be stricken. *In re Facebook PPC Advertising Litigation,* 709 F. Supp. 2d at 773; *see Moorer v. Stemgenex Med. Grp., Inc.*, No. 3:16-CV-2816-AJB-NLS, 2017 WL 3992747, at *4 (S.D. Cal. Sept. 11, 2017) ("Allegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant.") (internal citation omitted). CoreCivic hasn't shown how Morales-Alfaro's allegations unduly prejudice them, even though they may "politicize this case and detract from Plaintiff's actual claims." (Dkt. 52 at 3). The Court disagrees that the allegations in question are irrelevant, impertinent, scandalous, or inflammatory, and, therefore, **DENIES** CoreCivic's request to strike 3, 45–49, 51–53, 59–64, 84–89, 130–40, and 181.

With respect to Paragraphs 75, 76, 92–116, and 125, which concern topics like CoreCivic's annual revenue and alleged earnings, lobbying efforts, and intent to maximize its profits, CoreCivic argues that the allegations "have nothing to do with Plaintiff's claims and serve only to cast CoreCivic in a derogatory and defamatory light." (Dkt. 52 at 3). But as previously discussed, these allegations relate to the issue of punitive damages and CoreCivic's alleged knowledge of substandard conditions at its facilities. The paragraphs discuss the experiences of

other detainees, which this Court has already determined need not be stricken, and also provide context about CoreCivic's alleged financial motivations for operating facilities like the one in Otay Mesa where Morales-Alfaro was housed. The context includes background information about the specific nature of CoreCivic's business, its sources of revenue, and various lawsuits brought against it for denials of proper care and treatment similar to what was experienced by Morales-Alfaro.

CoreCivic hasn't offered any persuasive reason why these paragraphs should be stricken, other than to say that the allegations cast it in a bad light. Because it isn't clear that the allegations have no possible "bearing on the subject matter of the complaint," the Court **DENIES** CoreCivic's request to strike Paragraphs 75, 76, 92–116, and 125.

### III.  CONCLUSION

CoreCivic's Motion to Strike Paragraphs 3, 45–49, 51–53, 59–64, 75, 76, 84–89, 92–116, 125, 130–40, and 181 from Plaintiff's latest complaint is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 6, 2022

Honorable Larry Alan Burns
United States District Judge