UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIA MABEL MORALES-ALFARO, | Case No.:  20-cv-0082-LAB-BGS |
| Plaintiff, | |
| v. | **ORDER TO FILE DECLARATIONS** |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

On January 6, 2022, the parties filed a Joint Motion to Extend Discovery Deadlines for Thirty Days.  (ECF 72.)  The parties move to extend fact and expert deadlines by 30 days.  (*Id.*)  Currently, fact discovery closes on February 7, 2022 and expert discovery closes on May 9, 2022.  (ECF 68.)

In granting in part Plaintiff's previous unopposed request to extend deadlines in the Scheduling Order, the Court noted the need to comply with Judge Skomal's Chambers Rules, Section III.C. for any future requests for extensions.  (*Id.* at 3 n.1.) Specifically, the Court indicated as follows:

> If the parties seek any additional extensions of any of the deadlines set in the Scheduling Order, they "must include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as the specific discovery that has been conducted, and what specific discovery remains." (Judge Skomal's Chambers Rules, Section III.C.)  In detailing the steps taken to

comply with the Scheduling Order and identification of the specific discovery that has been conducted since the Scheduling Order was initially issued, the parties must include relevant dates.

(*Id.*)

The parties have not complied with this Order or the Chambers Rules.  The parties have not identified what specific discovery remains to be completed or why that unidentified remaining discovery could not be completed by the current deadlines.  The parties do not address the need to extend the expert deadlines in any respect. Additionally, it is unclear from the information provided that the parties have been diligent in pursuing discovery.  For example, the Joint Motion indicates that Defendant CoreCivic propounded its initial set of discovery demands on the Plaintiff on December 7, 2021.  (ECF 72 at 3.)  However, there is no explanation why it waited five months after the Scheduling Order was issued to propound its initial discovery requests.  The parties have also failed to submit any of this information through declaration(s) as required by the Chambers Rules.  Based on the parties' Joint Motion, they have not shown good cause for the extensions requested or complied with the Chambers Rules.

Despite these deficiencies, rather than deny the Joint Motion, the Court orders the parties to file a supplemental brief in support of their Joint Motion with the required declaration(s) on or before **January 18, 2022**.  The declaration(s) must include the required explanation why the existing fact and expert deadlines cannot be met, the specific discovery that has been conducted, and the specific discovery that remains to be completed.  The Court will only extend these deadlines for discovery that is specifically identified.  Additionally, the parties must explain any delays in pursing discovery to address their diligence.

**IT IS SO ORDERED.**

Dated:  January 11, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge

20-cv-0082-LAB-BGS