UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIA MABEL MORALES-ALFARO,<br><br>                               Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>                               Defendants. | Case No.: 20-cv-0082-LAB-BGS<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES FOR THIRTY DAYS**<br><br>[ECF 72] |

On January 6, 2022, the parties filed a Joint Motion to Extend Discovery Deadlines for Thirty Days. (ECF 72.) The parties seek to extend both the February 7, 2022 fact discovery deadline and May 9, 2022 expert discovery deadline. (*Id.*)

On January 11, 2022, the Court issued an Order noting the parties' Joint Motion failed to comply with the Chambers Rules or the Court's prior Order regarding any future extensions of time.[1] (ECF 75 at 1-2.) However, rather than deny the Joint Motion, the Court ordered the parties to file a supplemental brief with the required declarations by January 18, 2022. (ECF 75.) Plaintiff filed an unopposed request to extend the deadline

---

[1] In granting a prior extension of these deadlines, the Court noted the lack of compliance with the Chambers Rules and gave specific directions for any future requests for extensions. (ECF 68 at 3 n.1.)

20-cv-0082-LAB-BGS

for this filing to January 24, 2022 and it was granted.  (ECF 76, 78.)

On January 24, 2022, the parties filed their Supplemental Brief with declarations from Plaintiff's counsel and CoreCivic's counsel.[2]  Plaintiff and CoreCivic's respective declarations have provided their reasons for delay in completing discovery, identified the discovery they each have outstanding, and explained why certain discovery is being sought later in the discovery period.

To briefly summarize, Plaintiff identifies the following reasons for delay in completing all fact discovery: the Government's production of 1,300 pages of documents more than a month late because it was initially produced to the wrong email address in error;[3] testimony provided during a third-party deposition on December 17, 2022 indicating that witness had additional documents that the witness can produce by February 28, 2022; trials in other cases; and preplanned vacations. (ECF 79-1.)  Plaintiff also explains that the testimony from the Government and CoreCivic's employees is needed before designating an expert.  Plaintiff identifies the following outstanding discovery: additional documents requested from third-party witness; depositions of witnesses named in Defendant's disclosures (approximately 10); follow-up discovery with CoreCivic regarding other detainees that may be witnesses; and following up with the Government on items not yet produced or disclosed.  (ECF 79-1 ¶¶ 16-17.)

CoreCivic primarily identifies the amount of time counsel and support staff were required to commit to a large class action concerning the entire Arizona prison system as cause for its delays in completing discovery.  (ECF 79-2 at ¶¶ 4-16.)  Counsel explains the case was subject to an expedited schedule that included expedited discovery, many

---

[2] The Supplemental Brief indicates the Government declined to submit a declaration. (ECF 79 at 2.)

[3] Given the lack of a declaration from the Government, the Court assumes Plaintiff's characterization of this production error is accurate.  However, the Court also notes that it appears Plaintiff did not follow up on not having received this production for more than a month.  (ECF 79-1 at ¶¶ 7-8, 18.)

20-cv-0082-LAB-BGS

discovery disputes, significant document productions, more than 30 depositions, preparation of pretrial statements, a trial lasting more than a month, and post-trial briefing for the bench trial. (*Id.* at ¶¶ 6-16.) CoreCivic identifies the following outstanding discovery: update regarding whether Plaintiff has approved the interrogatory and request for admissions responses provided; obtaining further responses because Plaintiff's initial responses are allegedly deficient; and depositions. (*Id.* at ¶¶ 23-25, 28.)

Having considered the parties' Joint Motion, Supplemental Brief, and Declarations from counsel for Plaintiff and CoreCivic, the Joint Motion is **GRANTED in part.** The Court extends the fact discovery deadline to **March 9, 2022**, but only for the specific discovery identified as outstanding in Plaintiff and CoreCivic's Declarations. (ECF 79-1 ¶¶ 16-17; ECF 79-2 ¶¶ 23-25, 28.) The expert deadlines are extended as set forth below:

| Item | Current Deadline | New Deadline |
|---|---|---|
| Parties' Expert Designations | 2/28/22 | 3/18/22 |
| Parties' Rebuttal Experts Designated | 3/14/22 | 3/29/22 |
| Rule 26 (a)(2)(B) and (C) compliance | 4/4/22 | 4/15/22 |
| Parties' supplements to disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | 4/18/22 | 4/28/22 |
| All expert discovery Completed | 5/9/22 | 5/13/22 |

20-cv-0082-LAB-BGS

The deadline to file pretrial motions remains May 30, 2022.  No other deadlines in the Scheduling Order are extended.

**IT IS SO ORDERED.**

Dated:  January 27, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge

20-cv-0082-LAB-BGS