UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIA MABEL MORALES-ALFARO,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No.:  20-cv-0082-LAB-BGS<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES FOR THIRTY DAYS**<br><br>[ECF 81-82] |

On March 2, 2022, the parties filed a Joint Motion to Extend Discovery Deadlines for Thirty Days. (ECF 81.)  Plaintiff's counsel filed a declaration in support with the Joint Motion, (ECF 81-1), and then separately filed a Supplemental Declaration on March 7, 2022 (ECF 82).[1]  (ECF 81-1.)  The parties move to extend fact and expert deadlines by thirty days and the deadline to file pretrial motions by forty-five days.  (ECF 81.)

The Court's last order granting an extension of fact discovery from February 7, 2022 to March 9, 2022, only extended fact discovery for the discovery specifically

---

[1] The Joint Motion indicates that Defendants' counsel did not provide declarations in support because they are not requesting that the deadlines be extended, but notes Defendants do not oppose Plaintiff's request for these extensions.

20-cv-0082-LAB-BGS

identified by the parties in that Joint Motion and supporting declarations.[2]  (ECF 80 at 3.) The Court's extensions to the expert deadlines varied by deadline with the more immediate deadlines being extended more than the later expert deadlines.  (*Id.*)

In the prior Joint Motion,[3] Plaintiff had identified the following remaining discovery: additional documents requested from a third-party witness; depositions of witnesses named in Defendants' disclosures (approximately 10); follow-up discovery with CoreCivic regarding other detainees that may be witnesses; and following up with the Government on items not yet produced or disclosed.  (ECF 79-1 ¶¶ 16-17.) CoreCivic had identified updated and further discovery responses from Plaintiff and depositions.  (ECF 79-2 ¶¶ 23-25, 28.)

The current Joint Motion explains the parties' efforts to complete fact discovery since the Court's January 27, 2022 extension, including obtaining discovery responses, supplemental disclosures, Plaintiff's deposition, and efforts to schedule further depositions.  (ECF 81 at 2-3.[4])  The Joint Motion explains that some, but not all documents responsive to Plaintiff's subpoena to the third party, have been produced following the witness' retention of counsel and negotiations with counsel.  (ECF 81 at 3.) The Joint Motion also indicates that after Plaintiff requested deposition dates for fifteen total employees of Core Civic and the United States on February 15, 2022, the parties agreed to a reduced number, ten (five from each).  (*Id.* at 3.)  However, only three had been scheduled.  (*Id.*)  Additionally, on February 24, 2022, CoreCivic served its Second Supplemental Disclosures and identified eight new witnesses with information about

---

[2] The parties had initially failed to provide the declarations required by the undersigned's Chambers Rules and the Court's September 8, 2022 Order. (*See* ECF 80 at 1-2)

[3] The caption of the Joint Motion indicates it is the "(second).  While it is the second motion filed *jointly* by the parties, it is the third request for extension of deadlines set in the Court's initial July 6, 2022 Scheduling Order.  (ECF 68 (September 8, 2022 Order granting in part Plaintiff's request to extend deadlines); ECF 80 (January 27, 2022 Order granting in part Joint Motion to extend deadlines).)

[4] Unless otherwise indicated, the Court cites the CM/ECF electronic pagination.

20-cv-0082-LAB-BGS

CoreCivic training, practices, and procedures. (*Id.*) The setting of these depositions is "ongoing." (*Id.*)

Plaintiff identifies the following remaining discovery: "depositions of at least four witnesses named for the first time in CoreCivic's February 24, 2022 supplemental disclosure; . . . follow-up discovery that would be required after taking those employees' depositions; procuring the transcripts from those depositions; sending said transcripts to experts for review and analysis; and submitting additional expert reports." (ECF 81 at 3-4.) It would also appear, depending on which depositions have been scheduled, that Plaintiff might need additional time to complete at least some of the seven depositions of CoreCivic and United States employees Plaintiff requested to depose but had not been scheduled as of the filing of this Joint Motion. (*Id.*)

Additionally, Plaintiff's Supplemental Declaration filed on March 7, 2022 indicates that CoreCivic served Plaintiff with 1,100 pages of additional documents on March 4, 2022 and those documents may reveal additional witnesses that Plaintiff may need to depose. (ECF 82 at 2.) The March 4, 2022 disclosure also named an additional CoreCivic employee as a witness. (*Id.*)

As to justification for further extensions of the schedule requested in the Joint Motion, the parties rely on their efforts thus far to complete discovery, the need to conduct the discovery that remains outstanding, and the trial schedules of all counsel. (*Id.* at 3-4.) Counsel for the United States and CoreCivic are scheduled to begin a six-day jury trial in this district on March 22, 2022 and Plaintiff's counsel is scheduled to start a criminal jury trial on March 28, 2022 that is expected to last four to five days. (*Id.* at 4; ECF 81-1 at 4.)

The Court finds some extension of these deadlines is justified based on the very recent disclosure of additional documents and witnesses by CoreCivic (ECF 81 at 3 (2/24/2022 disclosures), ECF 82 at 2 (3/4/2022 disclosures).) The Court is not as persuaded that extensions are warranted to complete depositions that were only requested a few weeks before an already extended fact discovery deadline (ECF 81 at 3

20-cv-0082-LAB-BGS

(depositions requested on 2/15/22), however, it is unclear what the obstacles have been to scheduling those depositions within the existing time frame, particularly as to those that no longer work for the United States.  The Court also notes that the conflict between the parties' trial schedules and completion of depositions might have been avoided if the disclosure of certain witnesses and scheduling of the others had been initiated earlier in the fact discovery period.

Based on the foregoing, the Joint Motion is **GRANTED in part.**  The **March 9, 2022** deadline for completion of the remaining fact discovery identified in the prior Joint Motion is extended to **April 8, 2022** but again, only for the specific discovery identified as outstanding in the Joint Motion.  Additionally, given the overlap between the completion of this specifically identified fact discovery and the parties' expert designations (see below), the Court expects the parties to prioritize the completion of any fact discovery needed for purposes of expert designations and expert reports.  The expert deadlines are extended as set forth below:

| Item | Current Deadline | New Deadline |
|---|---|---|
| Parties' Expert Designations | 3/18/22 | 4/4/22 |
| Parties' Rebuttal Experts Designated | 3/29/22 | 4/11/22 |
| Rule 26 (a)(2)(B) and (C) compliance | 4/15/22 | 4/29/22 |
| Parties' supplements to disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | 4/28/22 | 5/9/22 |

20-cv-0082-LAB-BGS

All expert discovery

Completed                              5/13/22                    5/23/22

Deadline to file

pretrial motions                       5/30/22                    6/6/22

No other deadlines in the Scheduling Order are extended.

**IT IS SO ORDERED.**

Dated:  March 10, 2022

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

20-cv-0082-LAB-BGS